DANCHOFF *v.* SHEAHAN.

1. SALES—BURDEN OF PROOF.

Seller of furs, suing for purchase price, has burden of establishing right to recover against individual defendant on his alleged promise to pay for goods sold to trustees for a company intended to be organized later.

2. SAME—PREPONDERANCE OF EVIDENCE.

Conflicting evidence as to scope of promise made by defendant with reference to payment for furs sold to trustees for company to be organized later *held,* insufficient to support seller's right to recover purchase price from defendant in view of his testimony that there has been complete performance of promise he did make.

3. JOINT ADVENTURES—FURS—SALE TO OTHER PARTICIPANTS.

Record *held,* insufficient to sustain plaintiff's recovery of purchase price of furs from defendant as participant in joint enterprise where evidence does not show furs were sold to another participant incident to the furtherance of such enterprise.

Appeal from Wayne; Sweeny (Henry S.), J, presiding. Submitted October 4, 1934. (Docket No. 81, Calendar No. 37,733.) Decided January 7, 1935.

Assumpsit by Stephen E. Danchoff against Raymond D. Sheahan and others, doing business as Detroit Fur Dressing & Dyeing Company, for sums allegedly due on account. Judgment for defendants. Plaintiff appeals. Affirmed.

*Joseph C. Glazer* and *John Bovill, Jr.,* for plaintiff.

*Henry C. L. Forler,* for defendant Raymond D. Sheahan.

North, J. This suit in assumpsit was twice tried in the circuit court without a jury. Plaintiff had judgment at the first trial. Defendant's motion for a new trial was granted. The second trial resulted in judgment for defendant.

The suit is for the recovery of the purchase price of furs sold by plaintiff. The amended declaration contains two counts. In part the first count charges liability against Mr. Charles Enz on the theory that the furs were sold to his son Karl Enz acting as agent for the father Charles Enz. Because of complete failure of testimony of an agency, plaintiff consented to dismissal of the suit as against Charles Enz. The first count also alleges that incident to the purchase of furs by Karl Enz from plaintiff, the defendant Raymond D. Sheahan promised he would pay plaintiff for all merchandise sold by plaintiff to the Detroit Fur Dressing & Dyeing Company, up to the amount of $3,580, and as evidence thereof Sheahan executed three promissory notes payable to plaintiff's order in the following amounts, $1,000, $1,250, and $1,330; that there is due and unpaid on the merchandise account a balance of $664.50 and accrued interest for which plaintiff claims judg-

ment. The second count asserts indebtedness and right of recovery on the common counts.

Attached to the declaration are copies of the $1,250 note and the $1,330 note. The one for $1,000 was paid. The first of these notes reads as follows:

"$1,250.                 Detroit, Mich., Aug. 9, 1926.

"Ninety days after date we promise to pay to the order of Stephen E. Danchoff twelve hundred fifty and no/100 dollars payable at Griswold National Bank. Value received with interest at . . . . per cent. per annum.

"DETROIT FUR DRESSING & DYEING CO.

"Trustees    {RAYMOND D. SHEAHAN
             {KARL ENZ."

The $1,330 note is in the same general form except it matured four months after date. The manner in which these notes were executed is explained by the following: On June 3, 1926, Karl Enz, defendant Raymond D. Sheahan and one Bernard J. McGee entered into an agreement to form a corporation to be known as the Detroit Fur Dressing & Dyeing Company. This was done for the contemplated purpose of taking over the business then being operated under this same name by the father of Karl Enz. In this agreement it was provided that Karl Enz and Raymond D. Sheahan would act as trustees for and in behalf of the parties interested in consummating the corporate organization, that they should have the power to purchase the business then being conducted by Charles Enz and "to start business for said corporation at once * * * and to do whatever may be necessary to promote the business of said corporation." The corporation was not formed nor was the business of Charles Enz taken over.

Plaintiff's suit is not for recovery upon the promissory notes as such; but instead the notes are alleged by plaintiff in his declaration to be the written evidence of Sheahan's guarantee or promise "to pay any and all bills of merchandise theretofore or thereafter sold by the plaintiff to the Detroit Fur Dressing & Dyeing Company * * * up to the sum of $3,580." Defendant admits the execution of the notes; but there is a direct conflict of testimony as to the scope or extent to which defendant bound himself to pay for merchandise sold or delivered to the Detroit Fur Dressing & Dyeing Company. As above indicated by the quoted portion of plaintiff's declaration, he asserts defendant's promise was to pay for all merchandise theretofore or thereafter so sold. On the contrary defendant Sheahan asserts and testified as follows:

"So I went down to Danchoff's office. Karl Enz said that I was Mr. Sheahan that he had spoken of, to sign the notes. * * * To take those furs down to Philadelphia for exhibition purposes, and I said I would sign the notes for that purpose, for that original order of furs. * * * Karl Enz introduced me as Mr. Sheahan to Mr. Danchoff and said I was the man that would sign the notes so they could take the furs for exhibition purposes. They told me that the furs would be either returned or if any were sold, they would be paid for. I know nothing about furs and I never bought a piece of fur in my life. I never heard anything more about this after I signed the notes. Suit was started nearly six years afterwards. I know nothing about the last three items that are charged, the Kolinsky coat for $600, Pony coat for $250 and those furs.

(Further on cross-examination:) "I know that I was responsible only for the original order of goods. I do not know when the original order was returned or if it was ever returned."

On this issue of fact plaintiff's testimony was directly contrary to defendant's and in accord with the allegation in the declaration. This is a controlling issue as to recovery under the first count of the declaration because all of the merchandise furnished for use at the Philadelphia Exposition was either paid for or returned to plaintiff. For this reason, if defendant's contention is true, his undertaking was fully performed and plaintiff cannot recover under the first count. But, on this phase of the case, plaintiff claims there should be included in the debit items of this account merchandise which he delivered to Karl Enz January 21, 1927, totaling $870. This was a transaction which had nothing to do with the Philadelphia Exposition. Instead the merchandise was delivered to Karl Enz on his representation that he had customers for it. It is because this merchandise was neither returned nor paid for that there is an unpaid balance due plaintiff.

We have carefully reviewed the record in this case. We find that plaintiff's claim as to the scope or extent of defendant's alleged liability is supported by plaintiff's testimony only. To the contrary is defendant's testimony equally definite and equally credible. The burden of establishing his right to recovery was upon the plaintiff. We are of the opinion he did not establish by a preponderance of the evidence a right to recover under the first count of his declaration.

But appellant also asserts his right to recover under the common counts contained in his declaration on the theory that in consequence of the agreement entered into June 3, 1926, Sheahan and the other parties concerned engaged in a joint enterprise which was such that any obligations incurred incident to this undertaking rendered the respective

parties thereto liable as partners and that as such they were severally as well as jointly liable. Under the circumstances of this case this theory of recovery presents some rather perplexing questions of law; but we need not be concerned with them for the reason that here again plaintiff's testimony is not sufficient to justify recovery. If it be assumed that Karl Enz, defendant Sheahan and McGee did enter upon a joint enterprise by reason of their agreement June 3, 1926, to form a corporation, etc., we are not at all satisfied from the testimony in this record that it was incident to or in furtherance of such joint enterprise that plaintiff turned over to Karl Enz on January 21, 1927, merchandise to the extent of $870. Instead we think the fair inference from this record is that Karl Enz obtained possession from plaintiff of this merchandise for his own purposes and that the obligation of paying for it or returning it to plaintiff was that of Karl Enz personally. From the record it does not appear that it had any connection whatever with any joint enterprise with which defendant Sheahan was associated; and there can be no recovery against him on that theory.

The trial court's refusal to permit amendment of the declaration at the second trial of the cause was not reversible error. From the foregoing it follows that the judgment entered in the circuit court in favor of the defendant should be affirmed. It is unnecessary to consider other phases of the record in consequence of which appellee contends plaintiff cannot recover as a matter of law.

Judgment is affirmed. Costs to appellee.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.